IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONIQUE A. TIMMONS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No.   CIV-08-1099-M |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

### PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on July 22, 2003 alleging a disability since July 15, 1999 (TR. 13, 54-56). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 13, 30, 33). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on May 8, 2007 (TR. 582-631). The Plaintiff appeared in person and with an attorney and offered her testimony in support of the application (TR. 586-615). A vocational expert (VE) testified at the request of the ALJ (TR. 615-630). The ALJ issued her decision

on January 16, 2008 finding that Plaintiff was not entitled to DIB (TR. 13-20). The Appeals Council denied the Plaintiff's request for review on August 11, 2008, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from February 22, 2002 through September 30, 2002, Plaintiff's last date insured for DIB, so the process continued (TR. 15). At step two, the ALJ concluded that Plaintiff had the following severe impairments: reflex sympathetic dystrophy (RSD) in the left upper extremity, fibromyalgia, depression, and anxiety (TR. 15). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15-16). At step

four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 18).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform sedentary work, subject to certain limitations (TR. 16). The ALJ used the medical-vocational rules as a framework for decision making and considered the testimony of the VE and determined there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 19). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 20).

On appeal to this Court, Plaintiff alleges that: (I) the ALJ erred by improperly limiting her consideration of the evidence and by failing to discuss significantly probative evidence which conflicted with her findings; and (II) the ALJ erred in her evaluation of Plaintiff's credibility.

MEDICAL EVIDENCE

In July 2000, Plaintiff was examined by Jerry W. Lewis, M.D., who found that she was alert and oriented; that her cranial nerves, reflexes, and grip strength appeared normal; and that she had hypersensitivity of the left forearm (TR. 339). Dr. Lewis also noted that he saw no atrophy of the thenar or hyperthenar eminences on the left hand which he would expect with long-standing RSD (TR. 339). Dr. Lewis' impression was of "Possible RSD of the left upper extremity versus a peripheral neuropathy secondary to either her accident or surgery" (TR. 340).

In October 2001, Plaintiff was examined by her treating physician, Oscar Morales, M.D., who reported that she had a "depressed affect", but that her depression/anxiety, arthritis, fibromyalgia were stable (TR. 194). In February 2002, Plaintiff was again examined by Dr. Morales,

3

who found that she had multiple trigger points consistent with fibromyalgia; that her depression/anxiety, arthritis, and fibromyalgia were stable; and that her hypertension was poorly controlled (TR. 189, 190). In April 2002, Dr. Morales found that Plaintiff's RSD and depression/anxiety were stable (TR. 186).

In December 2003, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for at least two hours in an eight hour workday; and sit (with normal breaks) for about six hours in an eight hour workday (TR. 373). Agency physicians further concluded that Plaintiff was limited in her upper extremities and had manipulative limitations, but had no other exertional, postural, visual, communicative, or environmental limitations (TR. 372-380).

In August 2004, Plaintiff was examined by James Craig Pinkerton, M.D., who found that Plaintiff was alert, oriented and in no acute distress; and that she had normal range of motion of her extremities (TR. 385).

In August 2005, Plaintiff was examined by Thomas B. Leahey, D.O. (rheumatology), who found that Plaintiff had pain in multiple joints; myalgia and myositis, unspecified; fatigue and fever (TR. 477). Dr. Leahey reported an otherwise normal physical examination (TR. 476-477).

At the hearing Plaintiff testified that she had "no grip" in her left hand such that she could not hold a pencil or a cup of coffee; that her fibromyalgia affected her entire body; and that she had depression and anxiety during the relevant period (TR. 604, 605, 606-607). She also testified that she had problems with concentration and with her memory (TR. 610).

## I.

Plaintiff first asserts that the ALJ erred as a matter of law by limiting her discussion of the evidence to "only that created during or very near to the period at issue (between February 22,

2002 and September 30, 2002), and in failing to discuss significantly probative evidence which conflicted with her findings" (See Plaintiff's Brief at pages 19-23). Plaintiff filed a prior application for DIB alleging disability since July 15, 1999 (TR. 13). The application was denied by the ALJ on February 21, 2002 and the ALJ's decision thereafter affirmed by this court [Doc. 20]. No appeal was taken from this court's order and the ALJ found no reason to reopen the prior unfavorable decision (TR. 13). The ALJ further found that administrative *res judicata* doctrine applied, thus precluding Plaintiff from alleging disability on or before February 22, 2002 (TR. 13).

An ALJ is required to "consider all evidence in the case record when she makes a determination or decision whether the claimant is disabled," 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3), and the court requires an ALJ to discuss "the significantly probative evidence" she rejects. *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996). The ALJ failed in this duty by offering only a one paragraph summary of the evidence she used to support her finding of non-disability. In her summary the ALJ failed to mention specific documents in the record and failed to even mention any one of Plaintiff's numerous physicians by name. The record contains hundreds of pages of medical evidence, albeit covering a relatively short period of time, but these records received little or no attention in the ALJ's decision (TR. 18). On remand, the ALJ should fulfill her duty to consider all evidence in the case record and offer a more meaningful analysis of that evidence, including the evidence she rejects.

## II.

Plaintiff also urges on appeal that the ALJ erred in her assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 24-30). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* at 163. Second,

assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164.  In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991).  *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions.  *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.  *Id* at 1372.

6

In this case the ALJ reached the third step and did offer a meager discussion of Plaintiff's credibility (TR. 18). Aside from the customary boilerplate language the ALJ offers the following:

> The undersigned notes the claimant traveled by bus to Montana for a two week visit. In addition, the claimant smokes against medical advice. The undersigned finds these are not the type of activities that would be engaged in by an individual with a truly disabling condition. Individuals with truly disabling medical conditions will generally avail themselves to medical advice in order to reduce their symptoms

(TR. 18). Clearly, a more detailed analysis is required. The ALJ ignores the analysis required by *Kepler* and neglects to discuss the levels of Plaintiff's medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of her daily activities, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

The ALJ's credibility analysis is insufficient according to *Kepler*. On remand, the Secretary should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a

judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 14th day of September, 2009.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE